**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-01276- RBJ

TRACEY ENGLISH AND GERALD M. ENGLISH JR.,

    PLAINTIFFS,

V.

JESSICA A. WOLF (AKA JESSICA A. WOLFE), ROBERT WOLF (AKA ROBERT WOLFE), AND ROCKY MOUNTAIN BAGELS, LLC, A COLORADO LIMITED LIABILITY COMPANY,

    DEFENDANTS.

---

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS**

---

For good cause and upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, oppress or cause undue burden or expense to any party, witness or person providing discovery in this case, **IT IS ORDERED**:

  1. The parties anticipate that, given the damages and other issues involved in this case, non-public Financial and Medical records will be produced during discovery that contain information that is confidential or highly sensitive and private in nature. Therefore, the parties agree that healthcare records and records showing income of any party, produced by any party or non-party, shall constitute Confidential Records and shall be marked by the disclosing party as "Confidential – Subject to Protective Order".  If

any party believes in good faith that any other document produced during discovery contains confidential information, that party may designate the document as such.

2. The medical records previously produced by Plaintiffs in their Rule 26(a)(1) disclosures are Confidential Records. These include the documents numbered by plaintiffs as 0001- 0745, 0776 - 1088.

3. The parties shall not to disclose Confidential Records or the content thereof to any media, news or internet outlet or social network site and agree not to post Confidential Records or the content thereof on the internet in any way that would allow access by people not entitled to access, whether through a social network site, blog or otherwise.

4. A deposition transcript that includes disclosure of the contents of Confidential Records or includes discussion of a party's confidential medical or financial information may be designated by the party whose Confidential Records or confidential information is discussed as Confidential Records. This designation may be made by a statement on the record at the deposition that portions of the transcript will be identified as confidential, or by written communication to the other parties within 14 days of the deposition. Once such a designation is made, the transcript shall be considered Confidential Records for 20 days after the transcript is first made available by the Court Reporter to the parties. Within that 20 days, the designating party may designate any portion of the transcript that disclose the contents of Confidential Medical Records or that includes discussion of a party's confidential medical or financial information as Confidential Records, and those portions of the transcript shall be treated as such thereafter.

5. Any party who inadvertently discloses documents that are confidential without labeling them as "Confidential – Subject to Protective Order" may thereafter identify them as confidential. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery may promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return, or certify to the other party as to the destruction of, such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning or destroying such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law, including Fed. R. Civ. P. 26(b)(5)(B), but may not use the inadvertently disclosed information and/or material when seeking reproduction.

6. When Confidential Records are filed with the Court, they shall be filed under seal with a Motion to Restrict pursuant to D.C.Colo. L.Civ.R7.2. Such filings will be subject to Level 1 restriction, limiting access to the parties and the court, unless the Court orders otherwise.

7. This Order does not apply to trial. Confidentiality of documents used as evidence at trial is not addressed in this Order. The parties reserve the right to address that issue at a later date.

8. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

9. The restrictions of this Protective Order shall survive the termination of this action, except with respect to any documents and information that become a matter of public record or are otherwise no longer in fact confidential.

Approved this 13th day of November, 2014.

BY THE COURT:

R. Brooke Jackson
United States District Judge

**STIPULATED TO:**

Date: November 7, 2014.  *s/Michael J. Thomsom*
John A. Purvis
Michael J. Thomson
Purvis Gray, LLP
4410 Arapahoe Avenue, Suite 200
Boulder, CO 80303
*and*
Stuart A. Ollanik
Ollanik Law, LLC
1439 Wildwood Lane
Boulder, CO 80305

*Counsel for Plaintiffs Tracey English and Gerald M. English, Jr.*

Date: November 7, 2014.  *s/Harry M. Bleeker*
Harry M. Bleeker
Stuart S. Jorgensen & Associates
11080 Circle Point, Suite 400
Westminster, CO 80020
*Counsel for Defendants Jessica A. Wolf and Robert Wolf*

Date: November 7, 2014.  *s/Max K. Jones, Jr.*
Max K. Jones, Jr.
Claire E. Munger
Montgomery, Kolodny, Amatuzio &
Dusbabek, LLP
1775 Sherman Street, 21st Floor
Denver, Colorado 80203
*Counsel for Defendants
Jessica A. Wolf, Robert Wolf and Rocky
Mountain Bagels, LLC*